UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**PAMELA WEST**                                                                                              **PLAINTIFF**

**V.**                                                                                  **CIVIL ACTION NO.1:07CV683 LTS-RHW**

**NATIONWIDE MUTUAL INSURANCE COMPANY, ET AL.**                  **DEFENDANTS**

**MEMORANDUM OPINION**

The Court has before it the plaintiffs' motion [7] to remand. For the reasons set out below, this motion will be granted.

Plaintiff Pamela West (West) resides at 109 St. Charles Avenue, Bay St. Louis, Mississippi. Her residence was insured under two property insurance policies when it was damaged by Hurricane Katrina: a homeowners policy issued by Defendant Nationwide Mutual Insurance Company (Nationwide) (policy number 63 23 MP 081159) and a windstorm policy issued by the Mississippi Windstorm Underwriting Association (the Wind Pool) (policy number CPD0764119). The Nationwide policy contains a wind damage exclusion.

Plaintiff's Nationwide policy provided coverage limits of $314,100 for the insured dwelling; $31,410 for other structures; $219,870 for personal property; and $62,820 for loss of use. Plaintiff's Wind Pool policy provided a coverage limit of $206,000 for the insured dwelling, and no other coverages. Plaintiff purchased both the Nationwide policy and the Wind Pool policy through Nationwide's local agent, Defendant John French (French).

Plaintiff has collected the policy limits under her Wind Pool policy, and $5,000 under her Nationwide policy. Plaintiff alleges that Nationwide and French are liable to her for additional compensation, Nationwide under its homeowners policy, which West contends is ambiguous, and French for alleged negligence in advising West concerning the amount of wind insurance that was available to her and concerning the advisability of insuring the contents of her dwelling against wind damage.

West alleges that she reasonably relied on a misrepresentation by French that personal property coverage under her Wind Pool policy was unnecessary in light of the personal property (contents) coverage under her Nationwide policy. West also alleges that French erred in telling her she had the maximum coverage available from the Wind Pool. Plaintiffs' claims directly against Nationwide are not relevant to the motion now before the Court.

Plaintiff filed this action in the Circuit Court of Hancock County, and the defendants removed the action to this court on grounds of diversity of citizenship and the requisite amount in controversy.  Plaintiff's motion to remand challenges the propriety of the removal and the Court's subject matter jurisdiction under 28 U.S.C. §1332.  Both French and West are resident citizens of Mississippi, and if West has stated a cause of action against French, the complete diversity of citizenship necessary to establish this Court's jurisdiction is absent.

Nationwide asserts that West has no valid grounds to proceed on her claims against French and that French has been improperly joined to defeat this Court's diversity jurisdiction.  In order to evaluate these assertions I must apply a very liberal standard.  Under this standard, the Court must accept as true the material allegations of the complaint, and the Court must grant the plaintiff all reasonable inferences in support of her claims based upon those facts.  I must also resolve all doubtful issues of state law in favor of the plaintiff.  The complaint against the non-diverse defendant, French, may be dismissed only if there is no reasonable basis for concluding that the plaintiff may establish a right of recovery against him.  Under this liberal standard, misjoinder or fraudulent joinder is as issue on which the removing party has the burden of proof.  *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545 (5th Cir.1981);  *See Dodson v. Spiliada Maritime Corp*. 951 F.2d 40 (5th Cir. 1992); *Hart v. Bayer Corp.*, 199 F.3d 239 (5th Cir. 2000).  In order to establish that removal is proper, Nationwide and French must demonstrate that there is no set of facts that West can prove in support of her claim against French that would entitle her to relief.

The state court complaint alleges that West made an inquiry to French concerning the coverage under her Wind Pool policy, specifically the absence of any insurance under that policy for the contents of the insured dwelling:

> 17. When Plaintiff inquired as to the advisability of obtaining no contents coverage, Defendant Agent French informed her that in the event of a hurricane, the Wind Pool would pay for the structure damages and her Nationwide Homeowners' Policy would pay for her contents.

French has submitted his affidavit contradicting this allegation of the complaint.  French contends that he did not speak directly to West concerning contents coverage under her Wind Pool policy, and, based upon his review of the West file, French asserts that West requested personal property coverage but never paid the premium for that coverage. (French Affidavit Paragraphs 7-10, Exhibit 1 to Nationwide and French's Response in Opposition to Plaintiff's Motion To Remand)  West has submitted her affidavit affirming the truth of her allegations and contradicting the statements in French's affidavit.  Thus, the accuracy and truthfulness of this allegation is directly in dispute.  At this juncture, for purposes of deciding whether French has been improperly joined, I must resolve this factual dispute in favor of West.  Assuming therefore, that French made the statements West has alleged, the question before me is whether French's statements can be the basis for a recovery under any legal theory.

If French, in response to an inquiry by West, advised West that she need not secure coverage for her personal property under the Wind Pool policy, West may be able to show, through appropriate expert testimony, that this was negligent.  This is true because the Wind Pool policy insures against a hazard that was excluded by the Nationwide homeowners policy, and the absence of personal property coverage under the Wind Pool policy left substantial assets uninsured against wind damage.  It may be the case that French advised West of the risk presented by this absence of coverage, and it may be the case that French made no representation to West concerning the contents coverage available under her Nationwide policy.  But West alleges that she made a specific inquiry whether she should secure this additional coverage and that French led her to believe the additional coverage was not necessary.  I cannot say, as a matter of law, that if West's allegations are substantiated French has met his duty of reasonable care as a matter of law.  Similarly, if West can prove her allegation that French gave her incorrect information concerning the amount of coverage available through the Wind Pool (and the other essential elements of a negligence action) she may prove her claim against French.

Under applicable Mississippi law, an insurance agent or broker who undertakes to procure insurance for a customer is under a duty to the prospective purchaser to exercise reasonable care.  *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986); *Lovett v. Bradford,* 676 So.2d 893 (Miss.1996); *First United Bank of Poplarville v. Reid*, 612 So.2d 1131 (Miss.1992).

If French represented to West that her personal property would be covered by the Nationwide homeowners policy in the event of damage or destruction in a hurricane, West may be able to show that this was an actionable misrepresentation.  What distinguishes this case from those in which an insurance agent is alleged to have made representations that are contrary to the express provisions of a policy, is the fact that West alleges French made representations concerning the *relationship* of the coverages provided under two types of policies.  An insurance agent who undertakes to give his advice concerning the coverages an insured should purchase in circumstances where the advice is reasonably relied upon by the prospective insured may incur liability if the advice is the product of a failure on the part of the agent to exercise reasonable care. Under applicable Mississippi law, in order to state a cause of action for negligent misrepresentation, the aggrieved party must prove, by a preponderance of the evidence:

1. That there was a misrepresentation (or omission) of a fact;
2. That the misrepresentation (or omission) was material or significant;
3. That the misrepresentation (or omission) was the product of negligence, i.e. that the person making the representation or omission failed to exercise reasonable care;
4. That the person to whom the representation (or omission) was made reasonably relied upon the representation (or omission); and

     5.     That the person to whom the representation (or omission) was made suffered damages as a direct and proximate result of that reasonable reliance.

*Berkline v. Bank of Mississippi*, 453 So.2d 699 (Miss.1984); *Spragins v. Sunburst Bank*, 605 So.2d 777 (Miss.1992). These essential elements may fit West's' theory of recovery against French.

     The inquiry whether any particular statement is the product of negligence is a fact intensive inquiry, and any determination whether actionable negligence has occurred must be made on a fully-developed record. The conduct required to meet an insurance agent's duty of reasonable care will vary depending on the nature of the relationship between the agent and his clients, the type of insurance involved, and other variables. The question of whether French's conduct met his duty of reasonable care is a question of fact, and at this juncture West is entitled to the benefit of any uncertainty concerning the scope of this duty. Given the very liberal rules of interpretation I am required to apply to West's factual allegations, I cannot say, as a matter of law, that French met his duty of reasonable care and that French is therefore entitled to judgment as a matter of law.

     Of course I express no opinion whatsoever on the merits of West's claims against French. The fact questions of what French said or did may only be resolved on a fully-developed record. Whether French made any misrepresentations and, if so, whether West reasonably relied on those misrepresentations to her detriment (and all the other essential elements of her causes of action) must also be resolved based on the evidence presented in open court.

     I do find, however, that the allegations of the state court complaint, supplemented and supported by West's affidavit, are sufficient to belie the contention that West can prove no set of facts in support of her claims against French which would entitle her to the relief she is seeking. Accordingly, the motion to remand will be granted.

     An appropriate order will be entered.

     **DECIDED** this 22nd day of February, 2008.

                                            s/ L. T. Senter, Jr.
                                            L. T. SENTER, JR.
                                            SENIOR JUDGE